PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KIMANI E. WARE | ) | |
| | ) | CASE NO. 4:22CV1528 |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| FRANK CIMMENTO, JR., *et al*., | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving ECF No. 30] |

Pending is Defendants Frank Cimmento Jr., Olivia Jennings, Eric Kurtz, Jeffrey Cintron, and Joseph Lewis's Motion for Summary Judgment (ECF No. 30). The Court has been advised, having reviewed the record, the parties' briefs, and the applicable law. For the following reasons, the Court grants summary judgment to Defendants.

## I. Background

On August 29, 2022, the Clerk of Court received for filing *Pro Se* Plaintiff Kimani E. Ware's Complaint (ECF No. 1) under 42 U.S.C. § 1983 against Trumbull Correctional Institution ("TCI") mail clerks Frank Cimmento Jr. and Olivia Jennings and officers Eric Kurtz, Joseph Lewis, and Jeffrey Cintron. Plaintiff amended the complaint with leave of court on December 12, 2023. *See* Amended Complaint (ECF No. 19-1). He alleges that Defendant Cimmento violated his First Amendment rights by preventing outgoing legal mail from being sent and that Defendants Jennings, Kurtz, Lewis, and Cintron retaliated against him for filing grievances because of the incident. Finally, Plaintiff contends his Fourteenth Amendment due process right to be notified when his outgoing legal mail is withheld and opened outside his presence was violated.

(4:22CV1528)

On July 9, 2021, Plaintiff claims to have sealed three letters addressed to Ohio Department of Rehabilitation & Correction ("ODRC") Director Annette Chambers-Smith, the Correctional Institution Inspection Committee, and the ODRC's Chief Inspector's Office and placed them in the mailbox at TCI in Leavittsburg, Ohio. *See* ECF No. 19-1 at PageID #: 156, ¶ 12. On July 12, Defendant Cimmento states that he discovered three empty envelopes addressed by Plaintiff while sorting the institution's outgoing mail. Cimmento then called Plaintiff to the mailroom. *See* Declaration of Frank Cimmento, Jr. (ECF No. 30-2). Upon arrival, Cimmento showed Plaintiff the empty envelopes, and Plaintiff accused Cimmento of taking and destroying the letters. As a result, Cimmento filed an incident report (ECF No. 30-1) and denied having opened or destroyed Plaintiff's legal mail. *See* ECF No. 30-2 at PageID #: 264, ¶ 7. The next day, Plaintiff filed a grievance against Cimmento (ECF No.35-8 at PageID #: 344), but a subsequent internal investigation yielded no evidence of mail tampering (ECF No. 35-8 at PageID #: 345-46).

On July 16, 2021, Plaintiff failed to abide by four separate orders to report to the mailroom. *See* 14 East Housing Unit Logbook for July 16, 2021 (ECF No. 30-5) at PageID #: 270. Subsequently, Defendant Lewis temporarily placed Plaintiff in segregation by order of the shift commander for refusing to obey a direct order. Plaintiff was not reassigned or housed in the TPU (Segregation) block. *See* Offender Movement History (ECF No. 30-6); Ware July 2021 Grievances (ECF No. 30-8) at PageID #: 292. Plaintiff claims Lewis held him in segregation on Defendant Jennings's orders because he filed multiple grievances against the mail clerks. Plaintiff also alleges Defendants Lewis, Cintron, and Kurtz made comments alleging Ware would continue to be taken to segregation if he did not stop filing grievances against Jennings. *See* ECF No. 19-1 at

2

PageID #: 158-59, ¶¶ 23 and 24-25. Defendants, however, have submitted documentation in support of their argument that Jennings "did not have authority to order an inmate to be placed in segregation." Declaration of Olivia Jennings (ECF No. 30-3) at PageID #: 266, ¶ 6; *see also* ECF No. 30-8 at PageID #: 292 ("Ms. Jennings did not send anyone to cuff inmate Ware because she does not have the authority to do so."). After Plaintiff filed grievances for the July 16, 2021 incident, the office of the Chief Inspector affirmed the decision rendered by the Inspector. The office commented: "The Inspector investigated your complaint which did not yield proof to support your claim of unprofessional behavior against you by a staff member. There is no evidence that demonstrates any harm was done to you or that some form of action against you that would be considered egregious or continuous as outlined in AR 5120-9-04. This office will take no further action on this matter at this time." ECF No. 30-8 at PageID #: 293.

## II. Standard of Review

Summary judgment is appropriately granted when the pleadings, the discovery and disclosure materials on file, and any affidavits show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Johnson v. Karnes*, 398 F.3d 868, 873 (6th Cir. 2005). Fed. R. Civ. P. 56(c)(1)(A) requires a party requesting summary judgment in its favor or an opposing party "to go beyond the pleadings" and argument, *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986), and cite to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." The moving party must "show that the non-moving party has failed to establish an essential element of his case upon which he would

3

(4:22CV1528)

bear the ultimate burden of proof at trial." *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 403 (6th Cir. 1992).

Once the movant makes a properly supported motion, the burden shifts to the non-moving party to demonstrate the existence of a genuine dispute. An opposing party may not simply rely on its pleadings. Rather, it must "produce evidence that results in a conflict of material fact to be resolved by a jury." *Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995). The non-moving party must, to defeat the motion, "show that there is doubt as to the material facts and that the record, taken as a whole, does not lead to summary judgment for the movant." *Guarino*, 980 F.2d at 403. In reviewing a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party when deciding whether a genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970).

The United States Supreme Court, in deciding *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986), stated that in order for a motion for summary judgment to be granted, there must be no genuine issue of material fact. The existence of some mere factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Scott v. Harris*, 550 U.S. 372, 380 (2007). A fact is "material" only if its resolution will affect the outcome of the lawsuit. In determining whether a factual issue is "genuine," the court must decide whether the evidence is such that reasonable jurors could find that the non-moving party is entitled to a verdict. *Id.* "[S]ummary judgment will not lie . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. To withstand summary judgment, the non-movant must show sufficient evidence to create a genuine

4

(4:22CV1528)

issue of material fact.  *Klepper v. First Am. Bank*, 916 F.2d 337, 342 (6th Cir. 1990).  The existence of a mere scintilla of evidence in support of the non-moving party's position ordinarily will not be sufficient to defeat a motion for summary judgment.  *Id.* (citing *Anderson*, 477 U.S. at 252).  The existence of a mere scintilla of evidence in support of the non-moving party's position ordinarily will not be sufficient to defeat a motion for summary judgment.  *Anderson*, 477 U.S. at 252.

"It is well settled that the non-moving party must cite specific portions of the record in opposition to a motion for summary judgment."  *U.S. Structures, Inc. v. J.P. Structures, Inc.*, 130 F.3d 1185, 1191 (6th Cir. 1997); *see also Guarino*, 980 F.2d at 410 ("Neither the trial nor appellate court . . . will *sua sponte* comb the record from the partisan perspective of an advocate for the non-moving party."); Fed. R. Civ. P. 56(c)(1).  "[T]he court is not required to search the record for some piece of evidence which might stave off summary judgment."  *Id.*  It is also well settled that "[i]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.  It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones."  *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) (quoting *Citizens Awareness Network, Inc. v. United States Nuclear Regulatory Comm'n*, 59 F.3d 284, 293-94 (1st Cir. 1995)).

### III.  Analysis

#### A.  First Amendment Claim Regarding Mail Interference

The First Amendment protects inmates' rights to receive mail unless interference is necessary to protect "legitimate government interests."  *Procunier v. Martinez*, 416 U.S. 396, 415 (1974).  Plaintiff claims Defendant Cimmento unnecessarily prevented him from sending legal mail but fails to present adequate evidence meeting the standard for

5

(4:22CV1528)

summary judgment. As the non-movant, Plaintiff must show sufficient evidence to create a genuine issue of material fact. *Anderson*, 477 U.S. at 248. To establish a claim has merit, "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

Plaintiff claims Defendant Cimmento opened and took his outgoing mail without cause. Plaintiff, however, does not purport to have seen this occur and presents no factual basis for his belief. *See* ECF No. 19-1 at PageID #: 156-57, ¶¶ 14-15. His claim is supported solely by his amended pleading and Declaration (ECF 35-6). In their motion for summary judgment, Defendants cite Plaintiff's grievance and TCI's response, which state that an internal investigation took place and yielded no evidence of mail tampering or interference. *See* ECF No. 30-8 at PageID #: 285. Absent any supported factual allegations to the contrary, Plaintiff fails to establish a genuine dispute of material fact upon which a jury could reasonably rule in his favor on the First Amendment claim regarding mail interference.

### B. First Amendment Retaliation Claim

Retaliation, although it is not expressly referred to in the Constitution, is actionable because retaliatory actions tend to chill an individual's exercise of First Amendment rights. *Perry v. Sinderman*, 408 U.S. 593, 597 (1972). To state a *prima facie* case for retaliation prohibited by the First Amendment, a plaintiff must establish: 1) he engaged in protected conduct; 2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and, 3) that a causal connection exists between the first two elements. *Walker v. Mich. Dep't of Corr.*, 128 Fed.Appx. 441, 445 (6th Cir. 2005) (per curiam) (citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc)). "[C]onclusory allegations of

6

(4:22CV1528)

retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.' " Harbin-Bey v. Rutter, 420 F.3d 571, 580 (6th Cir. 2005) (quoting Gutierrez v. Lynch, 826 F.2d 1534, 1538-39 (6th Cir. 1987)). "Conclusory allegations of retaliatory motive with no concrete and relevant particulars fail to raise a genuine issue of fact for trial." Murray v. Unknown Evert, 84 Fed.Appx. 553, 556 (6th Cir. 2003) (citing Salstrom v. Sumner, No. 91-15689, 1992 WL 72881, at *1 (9th Cir. April 10, 1992)).

The ability of inmates in correctional institutions to file grievances qualifies for First Amendment protection only if the underlying claims of such grievances have merit. Herron v. Harrison, 203 F.3d 410, 415 (6th Cir. 2000). Plaintiff alleges the protected conduct at issue is the ability to file grievances against mail clerks and corrections officers at TCI. The right to file such grievances, however, is protected only if the grievances have merit. Id. As established above, Plaintiff's claim that Defendant Cimmento tampered with his outgoing mail does not have merit. A frivolous grievance, including Plaintiff's grievance in the case at bar, fails to qualify as protected conduct under the First Amendment. Clark v. Johnston, 413 Fed Appx. 804, 812 (6th Cir. 2011).

It is established that "restricting a prisoner's housing by placing him in administrative segregation constitutes an adverse action." Hill v. Lappin, 630 F.3d 468, 474 (6th Cir. 2010) (citing Dunham-Bey v. Holden, No. 98-1522, 1999 WL 1023730, at *2 (6th Cir. Nov.5, 1999); Herron, 203 F.3d at 416 ("placing an inmate in administrative segregation could deter a person of ordinary firmness from exercising his First Amendment rights.") (citation and internal quotation marks omitted)). In this case, however, Plaintiff's movement history (ECF No. 30-6) during July 2021, disproves any allegation of being housed in segregation. Plaintiff must present something more than

7

(4:22CV1528)

conclusory allegations that are disputed by the record to defeat a motion for summary judgment.

"Conclusory allegations of retaliatory motive" alone are insufficient to meet the standard for a First Amendment retaliation claim. Harbin-Bey, 420 F.3d at 580. Despite Plaintiff's claim that filing grievances against the mail clerks motivated his temporary placement in segregation, the only evidence offered to support this allegation is the Plaintiff's own self-serving declaration. See ECF 35-6 at PageID #: 337-38, ¶¶ 6-8. Additionally, Plaintiff's allegation that Defendant Jennings ordered his placement in segregation fails as, evidence established she had no authority to do so. See ECF No. 30-3 at PageID #: 266, ¶ 6; see also ECF No. 30-8 at PageID #: 292. Defendants also demonstrate Plaintiff violated the institution's inmate rules of conduct by failing to comply with four separate orders to report to the mailroom. See ECF No. 30-5 at PageID #: 270. Thereafter, Defendant Lewis escorted Plaintiff to the segregation block by order of the shift commander for refusing to obey a direct order. In addition, it is of unrefuted significance that Plaintiff was not reassigned or housed in the TPU (Segregation) block. See ECF No. 30-6; ECF No. 30-8 at PageID #: 292.

Ultimately, Plaintiff's conclusory allegations that he was engaged in constitutionally protected conduct lack merit. He has failed to produce evidence to overcome the unrefuted documentary evidence produced by Defendants. Absent adequate evidence for the purposes of summary judgment, Plaintiff cannot prove retaliation by Defendants.

Therefore, the Court will grant summary judgment to Defendants on Plaintiff's First Amendment retaliation claim.

**C. ib**

8

(4:22CV1528)

**Fourteenth Amendment Due Process Claim**

Plaintiff also alleges that Defendants violated his Fourteenth Amendment due process rights by not notifying him when his outgoing legal mail is withheld and opened outside his presence. *See* ECF No. 19-1 at PageID #: 154, ¶ 1.

The elements of a procedural due process claim are (1) a life, liberty, or property interest requiring protection under the Due Process Clause, and (2) a deprivation of that interest (3) without adequate process. *Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006). "Without a protected liberty or property interest, there can be no federal procedural due process claim." *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007) (citing *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 579 (1972)).

Given the unrefuted documentary evidence produced by Defendants, the Court concludes Plaintiff has not produced evidence to overcome summary judgment on his Fourteenth Amendment procedural due process claim against Defendants, premised upon Plaintiff's assertion that he did not receive the process to which he was due with respect to his outgoing legal mail being withheld and opened outside his presence.

**D. Qualified Immunity**

Once a defendant raises qualified immunity, the burden shifts to the plaintiff, who must demonstrate both that the official violated a constitutional or statutory right, and that the right was clearly established at the time of the alleged violation that every reasonable official would have understood that what he was doing violated that right. *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011). If the plaintiff fails to carry this burden as to either element of the analysis, qualified immunity applies, and the official is immune. *Cockrell v. City of Cincinnati,* 468 Fed Appx. 491, 494 (6th Cir. 2012). "Clearly established law"

9

(4:22CV1528)

should not be defined "at a high level of generality" and the clearly established law must be "particularized" to the facts of the case. *Ashcroft*, 563 U.S. at 742; *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

In *Saucier v. Katz*, the Supreme Court established a two-step inquiry for determining whether an official is entitled to qualified immunity. 533 U.S. 194, 201 (2001). The Court must consider (1) whether, viewing the evidence in the light most favorable to the injured party, a constitutional right has been violated; and (2) whether that right was clearly established. *Id.* In *Pearson v. Callahan*, the Supreme Court held that while the sequence set forth in *Katz* is often appropriate, it is not mandatory, and courts have discretion to decide which of the two prongs of the qualified immunity analysis to address first. 555 U.S. 223, 236 (2009); *Williams v. City of Grosse Pointe Park*, 496 F.3d 482, 485 (6th Cir. 2007) (if a plaintiff is "unable to establish sufficient facts to support a finding of a constitutional violation by the defendant, the inquiry ceases, and the court must award judgment to the defendant").

The Court does not address the qualified immunity argument of Defendants because it concludes, for the reasons set forth above, that Plaintiff has not sustained his burden to demonstrate a deprivation of constitutional rights regarding his claims.

**E. Eleventh Amendment Immunity**

A lawsuit against an individual in his official capacity is equivalent to a suit against the government entity; in this case, the ODRC. See *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Morgan v. Bd. of Pro. Resp. of the Sup. Ct. of Tenn.*, 63F.4th 510, 515 (6th Cir. 2023). The states and their departments are immune under the Eleventh Amendment from suit in the federal courts unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by

10

(4:22CV1528)

statute. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wiggington*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment Immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Ohio has not waived its sovereign immunity, nor has it consented to civil rights suits in federal court. *Mixon v. Ohio*, 193 F.3d 389, 397 (6th Cir. 1999). The ODRC, a state agency, is immune from § 1983 liability under the Eleventh Amendment. *See Welch v. Texas Dep't of Highway and Pub. Transp.*, 483 U.S. 468,472-73 (1987); *Graham v. NCAA*, 804 F.2d 953, 960 (6th Cir. 1986). To the extent that Plaintiff sues Defendants in their official capacities, the Eleventh Amendment bars those claims for monetary damages.

## IV. Conclusion

Viewing Plaintiff's evidence and all reasonable inferences drawn therefrom in the light most favorable to Plaintiff, the Court concludes that there is no genuine issue of material fact, and the movants are entitled to judgment as a matter of law. For the foregoing reasons, Defendants' Motion for Summary Judgment (ECF No. 30) is granted. Final judgment will be entered in favor of Defendants and against Plaintiff on the Amended Complaint (ECF No. 19-1). The Court certifies pursuant to 28 U.S.C § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

July 31, 2024                              */s/ Benita Y. Pearson*
Date                                                   Benita Y. Pearson
                                                           United States District Judge